UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| ANDREA LEE,<br><br>　　**Plaintiff,**<br><br>V.<br><br>MASON SECURITY NETWORK, INC., et al.,<br><br>　　**Defendants.** | CIVIL ACTION NO. 6:13-138-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the plaintiff's motion for leave to file an amended complaint (DE 47). Potential Defendants, James Ron Mason and Mason General Security and Protection Services, Inc. ("Mason General") responded that, for numerous reasons, neither defendant would be a proper party in this action (DE 51). Plaintiff Andrea Lee replied and asserted that the potential defendants did not refute any of the elements required to amend a complaint but made a premature motion for summary judgment (DE 55). For the following reasons, the Court will grant plaintiff's motion to amend.

I.

Plaintiff Andrea Lee originally filed her complaint with this Court on July 16, 2013 (DE 1); however, before the parties completed discovery, Defendant Theodore "Ted" Mason filed for bankruptcy and this action was automatically stayed (DE 26). Ted Mason's bankruptcy proceedings concluded when he filed a voluntary dismissal, and the matter was restored to this Court's active docket (DE 37). The parties conducted a second planning meeting to reestablish pretrial deadlines (DE 39). The updated scheduling order stated that

the parties could file motions to amend or join parties until November 14, 2014 and the parties could conduct discovery until April 30, 2015 (DE 40).

II.

Federal Rule of Civil Procedure 15(a) establishes a permissive standard for granting leave to amend a pleading if "justice so requires." Fed. R. Civ. P. 15(a)(2). The following factors guide a court's determination whether "justice so requires" granting a motion to amend: "[(1)] undue delay in filing, [(2)] lack of notice to the opposing party, [(3)] bad faith by the moving party, [(4)] repeated failure to cure deficiencies by previous amendments, [(5)] undue prejudice to the opposing party, and [(6)] futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001)). Generally, the most important factor is timeliness—the later a party files a motion to amend, the "increased burden to show justification for failing to move earlier." *Wade*, 259 F.3d at 459.

Here, all of the factors favor granting plaintiff's motion to amend. Importantly, Lee filed her motion within the timeline contemplated by the scheduling order. (*Compare* DE 40, *with* DE 47.) There is no undue delay or lack of notice to the opposing party because Lee followed the scheduling order and there is ample time before to complete discovery before the applicable deadline. *See Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 807 (6th Cir. 2005) (disfavoring eleventh-hour motions filed "with only a few weeks of discovery remaining"). Similarly, there is no bad faith by the moving party. This action was stayed during the pendency of Defendant Ted Mason's bankruptcy, and Lee did not file this motion as a strategic response to encourage delay or combat a dispositive motion. *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458–59 (6th Cir. 2013).

Additionally, this is Lee's first motion to amend, and Lee stated her ground for amending with particularity. *See Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006). Further, granting Lee's motion to amend her complaint will not unduly prejudice to the opposing party because Lee acted diligently and is not seeking to amend her complaint in response to the opposing party's strategy. *See Glazer*, 704 F.3d at 459.

Finally, Lee's motion is not futile. Potential Defendants James Ron Mason and Mason General do not directly respond to Lee's motion to amend, but assert that neither defendant could be held liable because James Ron Mason never controlled Mason Security or made employment decisions at Mason Security, Mason General was not an "employer" as defined by the relevant statutes, Mason General did not employ Lee, and Lee did not exhaust her administrative remedies against James Ron Mason or Mason General. (DE 51 at 5.) The Court interprets the potential defendants' objections as an argument that Lee's motion to amend is futile. *See Seaton v. TripAdvisor LLC*, 728 F.3d 592, 596 (6th Cir. 2013) (finding that a court may deny a motion to amend if the motion is futile and analogizing futility with the inability to survive a 12(b)(6) motion to dismiss); *Campbell v. BNSF Ry. Co.*, 600 F.3d 667, 677 (6th Cir. 2010) (same).

The potential defendants submitted two affidavits providing factual support for the potential defendants' contention that James Ron Mason and Mason General did not own or control Mason Security. (*See* DE 53 Aff. of James Ron Mason; DE 54 Aff. of Ted Mason.) In reply, Lee submitted excerpts from Ted Mason's bankruptcy deposition, the Board Member Agreement between James Ron Mason and Mason Security, and a letter from Ted Mason to James Ron Mason relieving James Ron Mason of a debt owed to Mason Security. (*See* DE 55-2; DE 55-1; DE 55-3.) This factual dispute underscores the impropriety of denying Lee's motion to amend. A motion to dismiss tests a plaintiff's complaint for sufficient factual

3

matter, accepted as true, to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012). Lee alleges, *inter alia*, that Mason General and Mason Security were interchangeable entities; that James Ron Mason was a Board Member with active control of, and with active management in, Mason Security; and that Ted Mason consulted James Ron Mason about employee matters, and both agreed to terminate Lee. (DE 47-1 Proposed Am. Compl. at 4, 5, 8, 9, 11, 12.) These facts are sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Therefore, Lee's motion is not futile.

\*\*\*   \*\*\*   \*\*\*

Accordingly, and for all of the above-stated reasons, **IT IS ORDERED** that the motion to file an amended complaint (DE 47) is **GRANTED**.

Dated this 9th day of December, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY